Fred F. Roberts, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 21,937.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Mazzini Slusser, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed February 14, 1916. Rehearing denied February 28, 1916.

## Statement of the Case.

Action by Fred F. Roberts, administrator of the estate of Alfred Smith, deceased, plaintiff, against Chicago City Railway Company, defendant, to recover damages for wrongfully causing the death of plaintiff's intestate. Judgment was entered against defendant for $1,750, from which defendant appeals.

The case has been tried three times. From the judgment on the second trial appeal was taken to the Appellate Court, and a majority of the branch court which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had the case under consideration were of the opinion that the judgment should be affirmed. (See 177 Ill. App. 400.) A writ of certiorari was granted by the Supreme Court, and the judgments of the Superior and Appellate Courts were reversed. The case is reported in 262 Ill. 228. The facts involved are narrated at length in these opinions to which reference is made.

The facts adduced upon the present trial do not differ materially from those which were considered by the Supreme Court.

It is asserted by plaintiff that this case is different in that it is now claimed in an additional count that defendant was guilty of a violation of the municipal ordinance requiring a fender to be attached to the front of the car in such a manner that pedestrians would not be injured or thrown under the wheels of the car, and that the violation of this ordinance was the proximate cause of intestate's death. The evidence showed not only that the car was equipped with the required fender but that the presence or absence of a fender had nothing to do with the accident.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1727*—*when conclusions of Supreme Court on former appeal binding on Appellate Court.* In an action to recover for the wrongful death of plaintiff's intestate, on a second appeal to the Appellate Court involving facts not materially different, the conclusions of the Supreme Court on the former appeal as to the contributory negligence of plaintiff's intestate and the negligence of defendant are controlling.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  STREET RAILROADS, § 103*—*when violation of ordinance insufficient to overcome contributory negligence.*  The contributory negligence of a pedestrian in attempting to cross two car tracks between two approaching cars, the view of which was unobstructed, and when under no necessity of doing so, will prevent recovery for his death, even though the cars were not equipped with fenders as required by ordinance.

3.  STREET RAILROADS, § 131*—*when evidence sufficient to show compliance with fender ordinance.*  In an action against a street railroad to recover for the death of a pedestrian, evidence examined and *held* to show defendant's compliance with the ordinance requiring fenders.